1  Benjamin Elliot Kaplan, SBN 43456
   bekaplan@sbcglobal.net
2  Douglas Cameron MacLellan, SBN 169933
3  dcmaclellan@sbcglobal.net
   Law Offices of KAPLAN & MACLELLAN
4  601 Van Ness Avenue, Suite 2090
   San Francisco, California 94102
5  Telephone:  (415) 447-8300
6  Facsimile:   (415) 447-8333

7  Attorneys for Plaintiff
   TIMOTHY RAY RICHARDSON
8

9  Thomas M. McInerney CA Bar No. 162055
   tmm@ogletreedeakins.com
10 Jill V. Cartwright CA Bar No. 260519
   jill.cartwright@ogletreedeakins.com
11 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
12 One Market Plaza
   San Francisco, CA  94105
13 Telephone:    415.442.4810
   Facsimile:    415.442.4870
14
   Attorneys for Defendants
15 FLUOR CORPORATION and
   FLUOR MAINTENANCE SERVICES, INC.
16

17               **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

19

| 20 | TIMOTHY RAY RICHARDSON | Case No. CV-13-1908-SBA |
|----|------------------------|--------------------------|
| 21 | Plaintiff, | **STIPULATION AND ORDER FOR MENTAL EXAMINATION OF PLAINTIFF TIMOTHY RAY RICHARDSON** |
| 22 | v. | |
| 23 | FLUOR CORPORATION; FLUOR MAINTENANCE SERVICES, INC.; DOES 1 THROUGH 10, INCLUSIVE, | Complaint Filed: April 25, 2013<br>Trial Date:          October 15, 2014 |
| 24 | | |
| 25 | Defendant. | |

26
27
28

Case No. CV-13-1908-SBA
STIPULATION AND ORDER FOR MENTAL EXAMINATION OF PLAINTIFF TIMOTHY RAY RICHARDSON

Plaintiff Timothy Ray Richardson and defendants Fluor Corporation ("Fluor") and Fluor Maintenance Services, Inc. ("FMS"), through their respective counsel, agree to a mental examination of plaintiff in accordance with the following terms:

1.  Plaintiff shall submit to psychological testing by Dr. Ronald Roberts, PhD, a board-certified psychologist at his office located at 2000 Van Ness Ave. Suite 512, San Francisco, CA 94109, Tel: 415-776-2000, Fax: 415-776-2001, on April 25, 2014, starting at 8:30 a.m.  A true and correct copy of the curriculum vitae for Dr. Ronald Roberts is attached hereto as Exhibit A.

2.  Plaintiff shall submit to a psychiatric interview by Dr. Mark Levy, M.D., D.L.F.A.P.A., a board-certified psychiatrist, at Forensic Psychiatric Associates Medical Corporation, 655 Redwood Hwy Suite 271, Mill Valley, CA 94941, Tel: 415-388-8040, Fax: 415-388-1225, on April 28, 2014, at 9:30 a.m.  A true and correct copy of the curriculum vitae for Dr. Mark Levy is attached hereto as Exhibit B.

3.  The psychological testing and psychiatric interview shall be conducted to determine whether plaintiff is suffering, and has suffered from, any mental, emotional, or physical disorders, the diagnosis of any such disorder, and whether such disorder, if any, is attributable to the conduct of Defendants as alleged in the plaintiff's lawsuit against the Defendants.

4.  Dr. Roberts will administer and score a battery of personality tests of various types and design.  The standardized psychological tests that will be administered include the Minnesota Multiphasic Personality Inventory ("M.M.P.I.-2"), the Personality Assessment Inventory and the Rorschach Inkblot Test.  All the tests will be administered, scored, and interpreted in a standardized fashion.  Dr. Roberts shall not administer the Millon Clinical Multiaxial Inventory test.  At the beginning of each test, Dr. Roberts will announce the name of the test he is starting.

5.  For the Rorschach test, Dr. Roberts' notes or raw testing data will indicate the card that was provided to plaintiff.

6.  During the psychiatric interview, Dr. Levy shall conduct a standard forensic psychiatric interview including questions about current and past psychiatric and psychological symptoms and disorders, typical daily activities, social, familial, medical, psychiatric, substance abuse, educational, vocational, relationship, legal, military, and occupational history.  Plaintiff shall

1  answer all proper questions and inquiries submitted to him by Dr. Levy.  One of the goals of the
2  evaluation is to determine whether the plaintiff is suffering from and/or has suffered from any
3  mental, emotional, and medical disorder.
4        7.     The psychological testing will begin at 8:30 a.m. on April 25, 2014, and will run
5  until 5:30 p.m.  The psychiatric interview will begin at 9:30 a.m. on April 28, 2014, and will run
6  until 6:30 p.m.  If plaintiff obstructs or interferes with the sessions in some way such that the
7  testing and psychiatric interview cannot be completed with the provided time frames, the sessions
8  will be permitted to last until completed.  In addition, in the event that extraordinary circumstances
9  arise and Dr. Roberts or Dr. Levy are not able to complete plaintiff's psychological testing or
10  psychiatric interview in the designated session, the psychological testing and/or psychiatric
11  interview shall be continued at the earliest available appointment date that is mutually convenient
12  to the doctor and to plaintiff.
13        8.     During the psychological testing and psychiatric interview, plaintiff will be
14  permitted to take up to a one-hour lunch break and restroom and rest breaks as needed.  Plaintiff
15  agrees not to seek input from anyone during any such breaks with respect to how to respond to a
16  test question or other question or inquiry made of him as part of the psychological testing and,
17  psychiatric examination.
18        9.     The psychological testing and psychiatric interview shall include both an oral and a
19  written component.
20        10.     No drugs shall be administered to plaintiff during the course of either the
21  psychological testing or psychiatric testing.
22        11.     Plaintiff shall not be touched by the examining doctor or any other person during the
23  course of either the psychological testing or psychiatric testing.
24        12.     The expense of the psychological testing and psychiatric interview shall be borne by
25  defendants.  The parties agree that the delivery of any reports shall be governed by Federal Rules
26  of Civil Procedure 26 and 35, as well as the Court's scheduling orders.
27        13.     The parties have a dispute regarding the timing of the delivery of examiners' reports
28  under Rules 35 and 26, and the Court's scheduling order, as well as regarding the timing of

1  delivery of "raw data."  The parties have agreed to submit these disputes to the Honorable Maria-
2  Elena James for resolution and agree to modify the stipulation to incorporate Judge James'
3  decisions on these disputed matters and then submit the Stipulation as thus modified to the Court to
4  have the Stipulation made an Order of the Court.

5       14.    Dr. Roberts and Dr. Levy shall not inquire into attorney-client communications.  Dr.
6  Roberts and Dr. Levy shall not ask the plaintiff about his legal contentions.  However, nothing in
7  this stipulation prevents either doctor from asking plaintiff about his experiences at Fluor.

8       15.    "Raw data," for the purposes of this stipulation, includes but is not limited to any
9  document which plaintiff writes, signs, or makes markings thereon; any verbal answers provided
10 by plaintiff; and any notes made by the examining psychologist/psychiatrist during the
11 administration of the tests.

12      16.    Dr. Levy will make an audio recording of his forensic psychiatric interview
13 examination.  No video recording will be made of the psychiatric interview.  Plaintiff may be
14 making an audio recording of the psychiatric interview.  Defense counsel shall produce to plaintiff
15 a copy of Dr. Levy's recording a reasonable time after it is completed, and plaintiff shall reimburse
16 Dr. Levy for any charges related to the recording.

17      17.    Dr. Roberts does not plan on making an audio recording of the psychological
18 testing.  Plaintiff may make an audio recording of the psychological testing and in that
19 circumstance, Dr. Roberts will also make an audio recording.  Defense counsel shall produce to
20 plaintiff a copy of Dr. Roberts' recording a reasonable time after it is completed, and plaintiff shall
21 reimburse Dr. Roberts for any charges related to the recording.

22      18.    Defendants may obtain audio recordings from plaintiff's experts upon request and
23 shall reimburse plaintiff's experts for the actual cost to copy the recording.

24      19.    To the extent any medical records have not already been provided by plaintiff or his
25 treating physicians to defendants during the course of discovery in this litigation, plaintiff agrees to
26 sign any release necessary to authorize the release of any records from any treating physicians

and/or expert examiners for the plaintiff that Dr. Levy and/or Dr. Roberts may require in order to prepare their reports in connection with the psychological testing and psychiatric interview.

20. In the event that disputes arise as to the scope or length of the psychological testing or psychiatric interview, or the propriety of any question that plaintiff is requested to answer in connection therewith, the parties reserve the right to present such disputes to the Court for resolution.

21. The fact that reference is made herein to any particular procedure by which plaintiff is to be examined shall not be construed as any admission by plaintiff that such procedure is a valid and appropriate procedure, or that the purpose for which any such procedure is used shall be an appropriate purpose.

DATED: April 22, 2014                     LAW OFFICES OF KAPLAN & MACLELLAN

                                          By:   /s/ Douglas Cameron MacLellan
                                                Douglas Cameron MacLellan

                                          Attorneys for Plaintiff
                                          TIMOTHY RAY RICHARDSON

DATED: April 22, 2014                     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                          By:   /s/ Jill Cartwright
                                                Thomas M. McInerney
                                                Jill V. Cartwright

                                          Attorneys for Defendants
                                          FLUOR CORPORATION and
                                          FLUOR MAINTENANCE SERVICES, INC.

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

DATED: April 22, 2014                     By:   /s/ Jill V. Cartwright
                                                Jill V. Cartwright

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3  DATED: _____May 12, 2014_____    _____
                                        Saundra Brown Armstrong
                                        United States District Judge

